

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00228-CR

**TERRY A. GATLIN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 37,192

## MEMORANDUM OPINION

Appellant Terry Gatlin pleaded guilty pursuant to a plea agreement to driving while intoxicated, third offense or more. The trial court assessed Gatlin's punishment at ten years' imprisonment but then suspended the confinement and placed him on community supervision for ten years. The State subsequently filed a motion to revoke Gatlin's community supervision, alleging that he violated certain terms and conditions of his community supervision. Gatlin pleaded "true" to the allegations. Accordingly, the

trial court revoked Gatlin's community supervision and sentenced him to ten years' imprisonment. This appeal ensued.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Gatlin's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Gatlin's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Gatlin; and (3)

informed Gatlin of his right to review the record and to file a *pro se* response.[1]  *See Anders*,

386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252

S.W.3d at 409 n.23.  Gatlin has filed a *pro se* response, but he raises no arguable grounds

to advance in this appeal.[2]

Upon receiving an *Anders* brief, we must conduct a full examination of all the

proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S.

75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988).  We have reviewed the entire record

and counsel's brief and have found nothing that would arguably support an appeal.  *See*

*Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of

*Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs

and reviewed the record for reversible error but found none, the court of appeals met the

requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Gatlin's attorney has asked this Court for permission

to withdraw as counsel for Gatlin.  *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also*

*Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex.

---

[1] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Counsel has informed this Court that she has provided the clerk's and reporter's records to Gatlin.  *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Gatlin and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed December 7, 2016
Do not publish
[CR25]



---

[3] No substitute counsel will be appointed. Should Gatlin wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.